NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

<div style="display:flex; justify-content:space-between;">
<div>
CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE
</div>
<div>
MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903
</div>
</div>

June 8, 2022

Freddie Dodard
Register No. 28043-050
FMC Fort Worth
P.O. Box 15330
Fort Worth, Texas 76119
*Pro Se*

Jonathan M. Peck, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
*Assistant United States Attorney*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   *United States v. Dodard*
       **Criminal Action No. 14-464-SDW**

Litigants:

Before this Court is *pro se* Defendant Freddie Dodard's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 34.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

### DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On November 18, 2014, Defendant pled guilty to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[2] (D.E. 22 and D.E. 27 at 1.) On November 9, 2015, this Court sentenced Defendant to a term of 151 months. (D.E. 26 and D.E. 27 at 2.) Defendant is currently serving his sentence at Federal Medical Center Fort Worth ("FMC Fort Worth") in Texas. (D.E. 34 at 1.) On or about May 21, 2021, Defendant submitted a request for compassionate release to the warden. (D.E. 34 at 19-24.) On May 27, 2021, the Bureau of Prisons ("BOP") denied Defendant's request because Defendant failed to state the criteria under which he was seeking release. (D.E. 34 at 6-7.) Thus, Defendant has exhausted administrative remedies.

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[2] Notably, the crimes that led to Defendant's current conviction were committed while Defendant was on federal supervised release following a 75-month term of incarceration for a prior drug conviction. *See USA v. Corbin, et al.*, Crim. No. 2:07-cr-00509-WJM-3, D.E. 110.

On or about January 7, 2021, Defendant contracted COVID-19 and alleges that he suffered complications including bronchitis and pneumonia. (D.E. 34 at 1.) Defendant subsequently recovered and received both doses of the Pfizer COVID-19 vaccination. (D.E. 36 at 7.) On September 23, 2021, Defendant filed the instant motion requesting compassionate release, citing that he was previously infected with COVID-19 and fears that reinfection "[c]ould be fatal". (D.E. 34 at 1.) Defendant also asserts that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because of an alleged change in the Sentencing Guidelines calculation for crack cocaine and a change to the criteria for career offender eligibility under the Sentencing Guidelines. (*See generally* D.E. 34.) The Government opposed Defendant's motion on November 19, 2021, (D.E. 36 at 1), and Defendant did not file a reply.

C.

Defendant moves for compassionate release on the grounds that (1) he was previously infected with COVID-19 and fears that reinfection could be fatal and (2) that changes to the Sentencing Guidelines calculation for crack cocaine and to the criteria for career offender eligibility warrant a reduced sentence. (*See generally* D.E. 34.) For the reasons discussed below, this Court does not find that Defendant has established compelling and extraordinary reasons to justify early release.

Defendant has provided no basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). While this Court is sympathetic to Defendant's concerns for his health regarding possible complications with COVID-19 reinfection, these concerns alone do not amount to "compelling and extraordinary reasons" to justify release. *See Epstein*, No. 14-287, 2020 WL 1808616, at *2. Courts have consistently denied relief where Defendant has already contracted COVID-19, recovered, and received a subsequent COVID-19 vaccination. *See, e,g., United States v. Battle*, -- F. App'x --, 2021 WL 4550925, *2 (3d Cir. Oct. 5, 2021) (upholding the District Court's denial of relief where defendant had already contracted COVID-19 and had been subsequently vaccinated); *United States v. Jefferson*, -- F. App'x --, 2021 WL 4279626, at *2–3 (3d Cir. Sept. 21, 2021) (upholding the District Court's denial of relief where defendant had already contracted COVID-19, recovered, and had been vaccinated); *United States v. Bell*, Crim. No. 15-603, 2021 WL 303009, at *2–3 (D.N.J. Jan. 29, 2021) (holding that defendant's fear of reinfection "d[id] not constitute extraordinary and compelling reasons warranting a grant of compassionate release"); *United States v. Wiltshire*, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) (finding that "the risk of reinfection after a prior positive test for COVID-19 is not a basis for compassionate release" because COVID-19 poses a general threat to every non-immune individual). Significantly, the Third Circuit has made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Here, Defendant has already been infected with and recovered from COVID-19. (D.E. 34 at 1.) Following recovery, Defendant received both doses of the Pfizer COVID-19 vaccine, making him fully vaccinated. (D.E. 36 at 7.) Moreover, Defendant has not alleged that he has any CDC recognized medical condition that places him at a heightened risk of grave illness or death if infected by COVID-19. *See* CDC, *People with Certain Medical Conditions* (last updated Dec. 14,

3

2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*. Accordingly, Defendant's request for compassionate release is not warranted.

Further, this Court finds no basis for a reduction in Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant contends that his sentence should be reduced because the Sentencing Guidelines for his drug offense were reduced by subsequent Amendment 782 and changes to the Sentencing Guidelines no longer consider him a career offender. (*See generally* D.E. 34.) First, Amendment 782 to the Sentencing Guidelines became effective and changed the Drug Quantity Table in U.S.S.G. § 2D1.1(c) on November 1, 2014, which was prior to Defendant's sentencing on November 9, 2015. *See* Amendment 782, Effective November 1, 2014, https://www.ussc.gov/guidelines/amendment/782; *see also* (D.E. 26 and D.E. 27 at 2.) Thus, Defendant was sentenced under Amendment 782 to the Sentencing Guidelines in effect at that time. *Id.* Second, there have been no amendments to the career offender eligibility criteria in U.S.S.G. § 4B1.1. The Third Circuit has made clear that Section 3582(c)(2) permits a Court to reduce a defendant's sentence where: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Egwuekwe*, 668 F. App'x 421, 422 (3d Cir. 2016) (citing *United States v. Flemming*, 723 F.3d 407, 410 (3d Cir. 2013)). Here, the Sentencing Commission has not amended the career offender criteria for U.S.S.G. § 4B1.1.[3] Accordingly, Defendant's request for compassionate release is not warranted.

Moreover, even if this Court were to find that Defendant's previous COVID-19 infection and fear of possible reinfection constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. This Court must ensure that, should Defendant's sentence be reduced, the reduced sentence still "reflect[s] the seriousness of the offense" and "promote[s] respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). Here, Defendant's long criminal history and significant recidivism dating back to 1991 weigh against granting Defendant's motion for early release. (*See generally* D.E. 30.) At Defendant's sentencing on November 9, 2015, this Court evaluated Defendant's history of prior convictions and frequent recidivism:

> [Defendant] has seven prior convictions, including one that is federal. His 2007 federal conviction he pled guilty to conspiracy to distribute crack cocaine. And that consisted of five transactions over a three-month period. All together, he distributed 133.2 grams of crack. He was sentenced, I believe, by Judge Debevoise to a guideline sentence. And at the time he was not a career offender. It was 75 months of imprisonment and five years of supervised release. While he was on supervised release, he commits the instant offenses. The first sale occurred on December 5th of 2012. He sold 40 grams of crack cocaine. And the second sale

---

[3] While the Third Circuit in *United States v. Nasir*, 17 F.4th 459, 472 (3d Cir., 2021), recently held that "inchoate crimes" such as attempt and conspiracy do not qualify as "controlled substance offenses" for the purposes of determining career offender eligibility under the Sentencing Guidelines for U.S.S.G. § 4B1.1, to date, the Sentencing Commission has not amended the career offender criteria in Section 4B1.1 to state that controlled substance offenses do not include inchoate crimes such as attempt and conspiracy.

>occurred on February 27th of 2013, he sold 26.1 grams of crack. All together, that netted out to 68 grams of crack.

(D.E. 30 at 26, lines 5-17.)

>[Defendant] has repeatedly engaged in drug transactions. In 1991, school kids in Newark alerted local police to the fact that [Defendant] was distributing crack in front of an abandon[ed] building. [Defendant] was subsequently found and pled guilty to a charge that involved 48 vials of powder cocaine. In 1994, he had two separate convictions arising from two separate arrests for receiving stolen property. This occurred while [Defendant] was on probation for the prior conviction. Ultimately [Defendant's] probation was terminated without improvement. And in 1995, again, on Clinton Avenue, [Defendant] was arrested. This time he had 45 vials of powder cocaine. And in 2004, he has a conviction in connection with possessing a loaded firearm. He was in a vehicle and a firearm was underneath the passenger seat of the vehicle and it was loaded with six rounds of ammunition; which, I would argue, is a violent offense. And then of course we have the 2006 federal arrest. [Defendant] served 75 months in prison in connection with his federal arrest, and yet that did not change either his decision to engage in drug transactions or, if you afford him the benefit of the doubt, the decision to continue to keep taking his medication, to keep attending counseling in order to stay on the right path.

(D.E. 30 at 27, lines 6-24.)

Based on Defendant's extensive criminal history, this Court appropriately calculated Defendant at a Criminal Offense level of 29 with a Criminal History Category of 6 (the highest possible level), placing Defendant at career offender status. (D.E. 30 at 30, lines 20-24.) After reiterating the calculated offense level and criminal history were correct, this Court sentenced Defendant to 151 months' imprisonment, which is the bottom of his guidelines range of 151 to 188 months for his offense. (D.E. 27.) This Court determined that Defendant's sentence of 151 months correctly reflected the serious nature of his crimes and appropriately classified Petitioner as a career offender. (*See generally* D.E. 30.) In affirming Defendant's sentence on appeal, the Third Circuit confirmed that "[t]here was ample justification for the sentence [Defendant] received." *USA v. Dodard*, No. 15-3795, 663 F. App'x 199, 203 (3d Cir. 2016). The Third Circuit stated, "[i]n light of [Defendant's] significant recidivism, and especially the fact that his most recent crime occurred while on supervised release following a 75-month incarceration, we cannot conclude that no reasonable sentencing court would have given him a within-guidelines sentence." *Id*. The Third Circuit further stated that this Court, in explaining the sentence, "[e]xpounded on its concerns about [Defendant]'s history and his recidivism, the need to protect the community

5

from his behavior, the deterrent function of the sentence, and the need for rehabilitation."[4] *Id.* at 201.

Clearly, even if Defendant was not treated as a "career offender," the factors under 18 U.S.C. § 3553(a) militate strongly against Defendant's release in order "to protect the public from further crimes of the defendant" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B)-(C). Notwithstanding, Defendant's extensive criminal history and frequent recidivism, as discussed above, while on supervised release following a 75-month term of imprisonment for a prior conviction, Defendant committed another offense that led to his current conviction. A reduction in Defendant's sentence would therefore create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). Given that Defendant is currently serving a 151-month sentence, which is at the bottom of Sentencing Guidelines range of 151 to 188 months, any further reduction would disrupt uniformity in sentencing. Circumstances have not changed in the interim requiring further consideration from this Court.

Accordingly, this Court will deny Defendant's motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton    
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[4] The Third Circuit reiterated that this Court "addressed all of the issues raised by [Defendant] and the government, and noted several times that its decision was made after considering the sentencing memoranda, the arguments made during the hearing, and the statement of [Defendant] himself." *Id.*